UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WINDSOR COLEMAN,

                Petitioner,

      -against-

EARL BELL,

                Respondent.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
21-CV-1669 (JMA)

**FILED**
**CLERK**

12:32 pm, Mar 29, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

Windsor Coleman
    *Pro se Petitioner*

Hilda Mortensen, Assistant District Attorney
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501
    *Attorneys for Respondent*

**AZRACK, United States District Judge:**

    Petitioner Windsor Coleman, proceeding pro se, petitions this Court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Currently pending before the Court is Respondent's motion to dismiss the petition, arguing that Coleman did not exhaust his state court remedies. (Resp't Mot. To Dismiss, D.E. 7.) For the reasons set forth below, Respondent's motion to dismiss is denied.

    Coleman was arrested and charged with multiple drug-related crimes relating to Coleman's alleged narcotics-trafficking operation in Nassau County. (Resp't Mot. to Dismiss, at ECF pp. 5-7.) After a jury trial, Coleman was convicted of one count of Criminal Sale of a Controlled Substance in the Second Degree (New York Penal Law §220.41(1)), one count of Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law §220.39(1)), one count of

1

Criminal Sale of a Controlled Substance in the First Degree (New York Penal Law §220.43(1)), and two counts of Criminal Possession of a Controlled Substance in the Second Degree (New York Penal Law §220.18(1)).  (Resp't Mot. to Dismiss at ECF p. 11.)  On June 20, 2017, the trial court sentenced Coleman to an aggregate sentence of twelve years imprisonment and five years post-release supervision.  (Id.)  Petitioner is currently incarcerated.  (Pet., D.E. 1, at ECF p. 1.)

Petitioner brings the current petition for a writ of habeas corpus seeking relief from the judgment of conviction from the Nassau County Supreme Court on seven grounds, that: (1) he was denied due process when the prosecution failed to call the confidential informant as a trial witness; (2) he was denied due process when false statements were asserted in the search warrant affidavit; (3) he was denied due process when the trial court failed to suppress a suggestive photo array; (4) trial counsel was ineffective; (5) he was denied due process when the prosecution failed to produce discovery; (6) he was denied due process when the court's protective order impaired his ability to suppress evidence; and (7) he was unlawfully detained and Respondent was deliberately indifferent to the grave danger of COVID-19.  (Pet. at ECF pp. 7-17.)  In opposition, Respondent asserts that Coleman failed to fully exhaust all of the claims advanced in his petition, and, as such, the petition should be dismissed. (Resp't Mot. to Dismiss at ECF 22-27.)

Prior to petitioning for a writ of habeas corpus, a petitioner must first exhaust any available state court remedies.  28 U.S.C. § 2254(b)(1)(A).  To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." Galdamaz v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). "A district court must dismiss any petition for habeas corpus . . . that contains issues not exhausted in state courts." McKethan v. Mantello, 292 F.3d 119, 122 (2d Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

As per Respondent's most recent filing updating the Court as to the status of Coleman's state court proceedings, Coleman has largely exhausted the claims in his habeas petition following Petitioner's February 2021 vacatur motion, brought pursuant to Criminal Procedure Law § 440.10, which advanced claims contained in the instant habeas petition. (See Letter Re: Traverse, D.E. 14.)

As such, Respondent's motion to dismiss is denied, and Respondent is directed to file response papers on the merits of the petition within forty-five (45) days of the Court's Order.

Additionally, on March 16, 2022, Coleman filed a Reply to Respondent's motion to dismiss wherein he withdrew his seventh habeas claim, that he was unlawfully detained and Respondent was deliberately indifferent to the grave danger of COVID-19, and seeks instead to advance a claim of ineffective assistance of appellate counsel. (Reply, D.E. 10.) To the extent Coleman seeks to amend his petition, the Court, having considered the solicitous treatment afforded pro se pleadings, deems the petition so amended to: (1) withdraw his claim of unlawful detainment; and (2) include his claim of ineffective assistance of appellate counsel.[1]

Further, Coleman filed a letter motion seeking to compel discovery. (D.E. 15.) The Court directs Petitioner to seek a copy of "all papers pertaining to Nassau County Indictment No. 983N-2016" from trial counsel. In the event Petitioner is unsuccessful in obtaining these documents from counsel, Petitioner is directed to advise the Court in a letter. To the extent Coleman seeks "all exculpatory evidence needed for litigating future civil suits" that request is denied.

---

[1] On July 5, 2022, Coleman filed a "Letter Motion for Reconsideration Supplemental Motion to Vacate" (D.E. 13) which argues for reconsideration of the denial of his most recent vacatur motion. In light of Coleman's pro se status, and in construing his submissions liberally and interpreting them "'to raise the strongest arguments that they suggest,'" the Court will take into consideration the arguments advanced therein in support of his habeas claims. Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## CONCLUSION

Accordingly, Respondent's motion to dismiss, (D.E. 7), is denied and Petitioner's habeas corpus petition is deemed amended, (D.E. 10, 13).

Petitioner is directed to obtain a copy of state court documents pertaining to Nassau County Indictment No. 983N-2016 from trial counsel, (D.E. 15).

Respondent is directed to respond to the petition, (D.E. 1), within forty-five (45) days of this Order.

The Clerk of the Court is directed to send a copy of this Order to the pro se Petitioner.

**SO ORDERED.**

Dated: March 29, 2023
　　　　Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　　　／s/ (JMA)
　　　　　　　　　　　　　　　　　　　　HON. JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE