UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                     For Online Publication Only
-----------------------------------------------------------------X
WINDSOR COLEMAN,

                    Petitioner,

            -against-                            **ORDER**
                                                21-CV-1669 (JMA)
EARL BELL,


                    Respondent.
-----------------------------------------------------------------X
**AZRACK, United States District Judge:**

        In a Memorandum & Order dated March 4, 2025 (the "March 4 Order"), the Court denied

a habeas petition filed by pro se petitioner Windsor Coleman.  In the petition, which was filed

pursuant to 28 U.S.C. § 2254, Coleman challenged his convictions in state court.  A copy of the

March 4 Order was mailed to Coleman on March 4, 2025.

        On April 7, 2025, the Court received a motion filed by Coleman pro se (the "April 7

Motion"), which requested an extension of time to file his appeal out of time and indicated that

Coleman believed that he had "failed to file a notice of appeal within the required number of days."

(ECF No. 34 at 1.)

        The April 7 Motion was dated March 31, 2025 and was postmarked on April 4, 2025.  The

April 7 Motion did not, on its face, identify why Coleman had failed to file a notice of appeal.

Coleman, however, attached a copy of grievances complaining that he had not been receiving legal

mail and that notary and law library services were not available between February 18, 2025 and

March 7, 2025.  The April 7 Motion did not identify when Coleman actually received a copy of

the March 4 Order.

1

On May 12, 2025, the Court received a letter motion from Coleman requesting copies of certain court filings (the "May 12 Motion").  (ECF No. 38.)  Specifically, Petitioner asserted that he never received copies of:  (i) the attachments to ECF Nos. 7, 9, and 11; and (ii) ECF Nos. 8 and 14.  In the letter, Coleman also asked this Court to issue a certificate of appealability on the grounds that Respondent allegedly violated his 5th and 14th Amendment rights by failing to properly serve him with these papers.  The May 12 Motion was dated May 2, 2025 and was postmarked May 8, 2025.

Coleman subsequently filed a notice of appeal on October 9, 2025.  Respondent has not filed responses to any of these filings.

Coleman's pro se motion for an extension of time to file a notice of appeal appears to have been unnecessary because Coleman filed his motion for an extension of time within the 30-day window for filing a notice of appeal.  Pursuant to Federal Rule of Appellate Procedure 26(a)(1), March 4, 2025—the day the March 4 Order was issued and entered—is excluded from the computation of time.  Additionally, pursuant to Federal Rule of Appellate Procedure 26(c), three additional days are added after the 30-day "period would otherwise expire" because Coleman was mailed a copy of the Court's March 4 Order on March 4, 2025.  Coleman, however, appears to have been under the impression that if he had simply filed a notice of appeal in this submission it would have been untimely.

Under the circumstances, the Court finds that Coleman's pro se motion for an extension of time should be liberally construed as a notice of appeal concerning the March 4 Order.[1]  See Owens v. Godinez, 860 F.3d 434, 437 (7th Cir. 2017) ("We may construe his request for an extension of

---

[1] The Court assumes that it has jurisdiction to determine how to construe Coleman's pro se filing and that such a question is not reserved solely for the Court of Appeals.

time as a notice of appeal, since that motion was filed within the original 30–day window for a notice of appeal and let the defendant know about his intent to appeal the judgment.").

As for the May 12 Motion, the Court grants Coleman's request for copies of the various filings identified in that motion.  By May 28, 2026, Respondent shall send copies of all filings (including exhibits and attachments) docketed at ECF Nos. 7, 8, 9, 11, and 14 to Coleman.  The Court also liberally construes Coleman's May 12, 2025 filing as a motion for reconsideration of the March 4 Order.  After Coleman receives the documents listed above, he may file a supplemental submission by July 3, 2026 if he contends, after reviewing these documents, that the Court's March 4 Order was erroneous or failed to consider (or properly address) any of these documents in the record.  If the Court does not receive any such supplemental submission by July 3, 2026, the Court will summarily deny this motion for reconsideration.

The Clerk of Court is directed to mail a copy of this Order to Coleman.

**SO ORDERED.**

Dated:  May 7, 2026
        Central Islip, New York

                                             _____/s/ (JMA)_____
                                             HON. JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE

3